UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| B.E.T. CONSTRUCTION, INC. | CIVIL ACTION |
| VERSUS | NO. 17-9757 |
| CARBON SILICA PARTNERS, LP D/B/A DIAMOND FIBERGLASS | SECTION A(3) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by Plaintiff B.E.T. Construction, Inc. ("B.E.T."). Defendant Carbon Silica Partners, LP d/b/a Diamond Fiberglass ("Diamond") opposes this motion. (Rec. Doc. 6). The motion, set for submission on November 29, 2017, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion should be **GRANTED** for the reasons set forth below.

**I.   Background**

Plaintiff B.E.T. filed this motion to remand pursuant to 28 U.S.C. § 1447(c) on the basis that the amount in controversy is less than the statutorily required $75,000.00. B.E.T. originally filed suit in the 17th Judicial District Court for the Parish of Lafourche, Louisiana seeking declaratory judgment against Defendant Diamond. The suit arose out of an agreement between B.E.T. and Halliburton Entergy Services, Inc. ("Halliburton") to construct a facility for Halliburton in Fourchon, Louisiana. (Rec. Doc. 5-1, p. 1). Halliburton hired B.E.T. as construction manager with the authority to purchase materials and hire subcontractors as needed to complete the project. *Id.* Thereafter, B.E.T. entered into an agreement with Diamond regarding the purchase and installation of storage tanks for the Halliburton Facility.

B.E.T. alleges that due to Diamond's defective design, construction fabrication, and/or installation of the storage tanks, the tanks improperly retained surface water on the tank tops. *Id.* at p. 2. While Diamond ultimately made the necessary repairs to the tanks, the repair operations took place for approximately fifty-two days past the date on which B.E.T. closed its contract with Halliburton. *Id.* However, pursuant to B.E.T.'s obligations to Halliburton, B.E.T. was required to maintain a project manager on the site to oversee the completion of Diamond's repairs and modifications to the defective tanks. *Id.*

Because B.E.T. was forced to maintain personnel on site to oversee Diamond's repair work, B.E.T. alleges to have incurred approximately $33,089.42 of extraordinary expenses for which it could not invoice Halliburton. *Id.* After completing the repair work, Diamond sent B.E.T. an invoice for $161,863.87, which B.E.T. alleges represented the purported balance of the agreed upon price for the tanks. However, in response to Diamond's invoice, B.E.T. faxed a lien waiver for Diamond to sign prior to B.E.T. delivering final payment. The lien waiver notes the withholding of $33,089.42 in back charges for the additional expenses B.E.T. incurred as a result of having to oversee Diamond's repair work. According to B.E.T., Diamond refused to execute the lien waiver necessary for B.E.T. to send the final payment.

While not refuting any particular facts provided by B.E.T., Diamond presents additional facts in support of its position that the statutorily required amount in controversy exceeds $75,000.00. Diamond contends that due to B.E.T.'s unpaid invoice and the outstanding interest on numerous other untimely paid invoices, Diamond filed an arbitration demand with the American Arbitration Association on August 17, 2017. (Rec. Doc. 6-1, p. 1). Diamond argues that because B.E.T. has failed to make any payments to Diamond, the total amount in controversy is $161,863.67. *Id.* at p. 2. Diamond additionally contends that B.E.T. paid at least nine prior

invoices late, which resulted in the accrual of $58,236.71 in interest spanning from February of 2015 to January of 2016. *Id.* Therefore, Diamond alleges that the total amount B.E.T. owes as of August 17, 2017—the date Diamond filed an arbitration demand—is $228,247.02, excluding the interest that accrued on the unpaid invoice at issue in this current matter. *Id.* Further, Diamond argues that the actual total owed by B.E.T. to Diamond as of the filing of Diamond's Opposition to B.E.T.'s Motion to Remand is $273,022.09, which includes the interest accruing on the unpaid invoice. *Id.*

On September 28, 2017, Diamond removed the action from Louisiana's 17th Judicial District Court for the Parish of Lafourche to this Court pursuant to 28 U.S.C. § 1332—diversity jurisdiction. (Rec. Doc. 1). In its Notice of Removal, Diamond asserts that "[B.E.T.] has admitted in its Petition for Declaratory Judgment, that the unpaid balance of the contract is $161,863.95, which exceeds the sum of $75,000.00, exclusive of interest and costs." (Rec. Doc. 1, p. 2, ¶ 4). In its Motion to Remand, B.E.T. asserts that the only actual amount in controversy is $33,089.42, which warrants remand to state court as that amount does not satisfy complete diversity requirements.

**II.     Legal Standard**

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

3

### III. Law and Analysis

The dispute between the parties centers on the amount in controversy. Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs and there is diversity between all of the parties. 28 U.S.C. § 1332; *Taylor v. Murphy*, No. 00-1655, 2000 WL 1023421 (E.D. La. July 24, 2000).

According to B.E.T., there is no controversy between the parties as to the fact that B.E.T. owes Diamond $128,774.45. (Rec. Doc. 5-1. P. 3). This amount represents the balance of the agreed upon price of the tanks ($161,863.87) minus the back charges for extraordinary expenses incurred by B.E.T. ($33,089.42). Therefore, B.E.T. contends that the only actual controversy between the parties is the back charge amount of $33,089.42, which falls well below the minimum $75,000.00 threshold.

As the party seeking to invoke federal jurisdiction via 28 U.S.C. § 1332, Diamond bears the burden of proving that the exercise of federal jurisdiction is proper. Diamond contends that the amount in controversy is, at the very least, the amount of the unpaid invoice, which totals $161, 863.67. (Rec. Doc. 6-1, p. 2).

The Court disagrees. Diamond's argument ignores B.E.T.'s admission that it owes Diamond $128,774.45 out of the total unpaid invoice amount of $161,863.67. Thus, the only true "controversy" existing in this matter is over the $33,089.42 back charge.

Diamond additionally argues that B.E.T. owes a debt of at least $273,022.09 based upon the unpaid amount of $161,863.45, plus unpaid interest that continues to accrue. Therefore, the difference between the amount B.E.T. has acknowledged as a debt it owes and the amount claimed by Diamond is no less than $144,247.64, which also exceeds the $75,000.00 threshold.

However, the Court finds no merit in this argument. B.E.T.'s Petition for Declaratory Judgment seeks only a declaration that B.E.T. has the right to offset in the amount of $32,760.00 against Diamond resulting in a full and final payment of $129,103.95. (Rec. Doc. 1-1, p. 4). B.E.T. is the master of its complaint and seeks relief in its Declaratory Judgment action only from the back charge amount.

In summary, if the Court would grant B.E.T. all of the relief sought in its Petition for Declaratory Judgment, then B.E.T. would be entitled to a declaration that the total amount it owes Diamond be offset by $33,049.42, and a declaration that B.E.T. cannot be compelled to arbitrate this dispute. On the other hand, if Diamond would fully prevail in its defense to B.E.T.'s Declaratory Judgment action, then B.E.T. would not be allowed to offset the Diamond invoice by $33,049.42, and Diamond would receive a declaration that B.E.T. be compelled to arbitrate this dispute. In neither of these scenarios would the relief afforded by this Court result in an award over $75,000.00. Therefore, Diamond has not met its burden of establishing that the amount in controversy exceeds $75,000.00. The Court therefore lacks subject matter jurisdiction over this action.

Accordingly;

IT IS ORDERED that that **Motion to Remand (Rec. Doc. 5)** filed by Plaintiff B.E.T. Construction, Inc. should be and is hereby **GRANTED**. This case is remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

January 4, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE